# COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

COUNSELLORS AT LAW

PARK 80 PLAZA WEST-ONE 250 PEHLE AVE. STE. 401 SADDLE BROOK N.J. 07663 201-845-9600 FAX 201-845-9423

General E-mail: clphk@njlawfirm.com
Internet Address:  www.njlawfirm.com

**Leonard Z. Kaufmann, Esq.**
lzk@njlawfirm.com

May 14, 2021

**Via ECF and First-Class Mail**
Hon. James B. Clark III, U.S. Magistrate Judge
United States District Court, District of New Jersey Newark
MLK Jr. Federal Building & Courthouse
50 Walnut Street, Room 2064
Newark, New Jersey 07102

> Re: *NJ Dep't of Env't Prot., et al. v. E.I. DuPont De Nemours & Co., et al.*
> Civil Action No.: 2:19-cv-14758-JMV-SCM
> Civil Action No.: 1:19-cv-14766-RMB-JS
> Civil Action No.: 3:19-cv-14767-MAS-ZNQ
> Civil Action No.: 1:19-cv-14765-NHL-JS

Dear Magistrate Judge Clark:

We represent plaintiffs in the above-named matters. This letter is submitted jointly by all parties in advance of the Status Conference scheduled for May 18, 2021 at 11:00 am.

There are two items that the parties will want to specifically address with the Court at the upcoming Status Conference: (1) discovery, and (2) plaintiffs' request to file a motion addressing Entire Controversy Doctrine issues. Apart from those issues, this proposed Agenda provides the Court with an update on the status of the litigation.

## DISCOVERY

To date, initial and in some instances supplemental Interrogatories and Requests to Produce have been propounded by the parties, and initial responses have been received. Plaintiffs have supplied deficiency letters to certain defendants and scheduled meet and confers with others; defendants are expected to do so as well. The parties expect to meet and confer to discuss resolution of the alleged deficiencies. At this time, court intervention is not required.

The parties met and conferred on April 23, 2021 related to ESI and other discovery issues. As a result, on May 7, the parties exchanged written documents setting forth the methodology to be utilized in identifying document custodians, sources of documents or ESI or data which may contain potentially responsive or relevant information to discovery requests. To the extent those

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

May 14, 2021
Page 2

custodians and sources could be identified with specificity at that time, that identification was to be included. To the extent possible, the parties were also to indicate which of these custodians will require search terms to extract the relevant data and/or documents and from which data and documents can be procured by other methods. The sufficiency of those submissions is being evaluated. The parties may wish to comment on this during the Status Conference; likewise, these exchanges may be the subject of subsequent meet and confers. The parties will meet and confer after this exchange to discuss appropriate search terms.

During the initial meet and confer, the parties also discussed documents produced in other/prior litigations for potential discovery in these cases and agreed that by May 19, 2021 defendants are to provide plaintiffs with a statement of (i) what documents will be produced and to the extent possible a schedule of when that production will occur, (ii) what documents will not be produced and the reason therefor; and (iii) which documents will require further discussion. It is understood that these productions may be partial and may be supplemented later.

The parties have scheduled a meet and confer for May 21, 2021 to further discuss these and other discovery issues.

## MOTIONS

Defendants filed a total of four motions to dismiss. They are all currently extant before Judge Vazquez.

## ENTIRE CONTROVERSY

As we previously advised the Court, in the Second Amended Complaints for the Repuano and Chambers Works sites, plaintiffs specifically state they are not seeking relief related to potential claims of contamination in the Delaware River or its sediments. Plaintiffs are seeking to carve out potential claims to remediate and restore the river and sediments because it is a major body of water with a large number of pollutant sources requiring investigation beyond the sites at issue, and implicates at least four (4) other natural resource trustees. The parties are also contemporaneously discussing the voluntarily dismissal of certain claims asserted in certain of the Complaints that would streamline the litigation. The specific claims and terms are currently the subject of ongoing discussion.

The parties have been discussing this issue and have exchanged drafts of a proposed order, but have not yet been able to reach an agreement. The Court has extended the time by which plaintiffs must amend the complaint or add new parties to the end of this month. The parties respectfully recommend that (1) if no agreement is reached by June 18, plaintiffs will submit a motion seeking the relief they request, to which defendants may respond, and (2) the time for

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

May 14, 2021
Page 3

plaintiffs to amend the complaint or to add new parties be extended until 30 days after the decision on that motion.

The parties will be prepared to discuss these and any other issues on May 18, 2021. We thank the Court for its time and consideration.

             Respectfully submitted,

             *s/ Leonard Z. Kaufmann*

LZK:ez            Leonard Z. Kaufmann

cc:  All Counsel of Record *(W/Encl. via ECF)*