UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>E.I. DU PONT DE NEMOURS AND COMPANY, et al.,<br><br>Defendants. | Case Nos. 1:19-cv-14758-RMB-JBC,<br>1:19-cv-14765-RMB-JBC,<br>1:19-cv-14766-RMB-JBC,<br>3:19-cv-14767-RMB-JBC |

## INTERIM PROTECTIVE ORDER

On January 7, 2026, the Court directed Plaintiffs to provide certain supplemental information in further support of Plaintiffs' Motion to Approve Judicial Consent Orders with Settling Defendants (the "Motion"). Plaintiffs assert that some information responsive to the Court's January 7th order is subject to the attorney-client privilege, pwork product protection, executive privilege, deliberative process privilege, consulting expert protection, mediation confidentiality agreements, and/or other privileges or immunities (the "Privileged Settlement Information"). The Parties[1] and Objectors,[2] together with the Special Master, are negotiating

---

[1] "Parties" herein refers collectively to Plaintiffs New Jersey Department of Environmental Protection, its Commissioner, and the Administrator of the New Jersey Spill Compensation Fund, and Defendants 3M Company, EIDP Inc., (f/k/a E. I. du Pont de Nemours and Company), Corteva, Inc., DuPont de Nemours Inc., DuPont Specialty Products USA, LLC, The Chemours Company, and The Chemours Company FC, LLC.

[2] "Objectors" herein refers collectively to proposed Intervenors Cape May County, Carneys Point Township, Cumberland County, County of Mercer, Middlesex County, County of Monmouth, County of Morris, Salem County, Borough of Sayreville, Somerset County, County of Union, and Society for Earth Law, and Amici Association of Environmental Authorities of New Jersey and the Seven "Authorities" as defined in Docket No. 771.

a Protective Order to govern disclosure of such information. To avoid delay of resolution of the Motion during negotiation of that Protective Order,

**IT IS** on this **23rd** day of **January** **2026**, hereby **ORDERED** that:

1. All information, testimony, documents, and other things, including the substance, content, and subject matter thereof, disclosed by Plaintiffs to any Party in these Actions pursuant to the Court's January 7th direction shall be treated as Highly Confidential Information pursuant to the Discovery Confidentiality Order in these Actions (No. 1:19-cv-14758, Docket No. 115) absent further order of this Court, unless otherwise indicated by Plaintiffs in writing.

2. All information, testimony, documents, and other things, including the substance, content, and subject matter thereof, disclosed by Plaintiffs to any Objector in these Actions pursuant to the Court's January 7th direction shall be disclosed only to outside counsel of record for such Objector, shall remain strictly Attorneys Eyes Only, and may not be further disclosed or disseminated absent further order of this Court, unless otherwise indicated by Plaintiffs in writing.

3. Plaintiffs' disclosure of any Privileged Settlement Information pursuant to the January 7 direction shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the materials or their subject matter in these actions or in any other proceeding in any forum—federal, state, or other—and shall not constitute or result in a waiver of Plaintiffs' right to assert any privilege over such information in any other litigation or proceeding. Plaintiffs' claimed privileges, immunities, and protections to Privileged Settlement Information under any law—including federal and state law—are

hereby expressly preserved. This Order shall constitute an order pursuant to Fed. R. Evid. 502(d) and shall be interpreted to provide the maximum protection allowed under the law.

                                      **/s/Renée Marie Bumb**
                                      RENÉE MARIE BUMB
                                      Chief United States District Judge